## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

### MDL No. 1038.

United States District Court, E.D. Texas, Beaumont Division.

Dec. 24, 1996.

Chris Parks of Parker and Parks, Port Arthur, TX, Roger Brosnahan of Brosnahan, Joseph & Suggs, Minneapolis, MN, and Turner Branch, Branch Law Firm, Albuquerque, NM, for Plaintiffs.

John W. Vardaman, F. Lane Heard III, Steve Farina of Willams & Connolly, Washington, DC, Paul W. Gertz, Larry Germer, and Tonya Connell Adams of Germer & Gertz, Beaumont, TX, for Defendants.

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

SCHELL, Chief Judge.

This matter is before the court on Defendants' Motions to Dismiss based on the doctrine of forum non conveniens.[1] Upon consideration of Defendants' motions, the memorandum in support of such motions, responses from Plaintiffs' counsel,[2] and the applicable law, the court is of the opinion that the motions should be DENIED.

■ Defendants, American Home Products Corporation and Wyeth Laboratories, Inc., seek dismissal of a number of cases filed directly in this MDL 1038 transferee court based on the doctrine of forum non conveniens. However, "[o]nly when the more convenient forum is a foreign country can a suit brought in a proper federal venue be dismissed on grounds of forum non conveniens."[3] "If the motion seeks a change of forum within the federal system, 28 U.S.C. § 1404(a) applies instead of the common law doctrine of forum non conveniens."[4] Because there is no indication that a foreign country will provide a more convenient venue for any of these cases, the court must rely on § 1404(a)[5] to deal with the issue raised by Defendants' motions.[6] Therefore, it is hereby ORDERED that Defendants' Motions to Dismiss based on forum non conveniens be DENIED.

The court will however evaluate, under the standards of § 1404(a), the propriety of cases filed directly in this court under circumstances reflecting obvious forum-shopping by plaintiffs' counsel. Further, the court is prepared to proceed at this time either in the context of motions for change of venue or sua sponte if necessary. Obviously, § 1404(a) transfers *before* the conclusion of multidistrict litigation pretrial proceedings under 28 U.S.C. § 1407 present the anomalous situa-

---

1. See Appendix A for a list of the cases in which Defendants filed a motion to dismiss.

2. Plaintiffs in the following cause numbers filed a response: 1:96–CV–6190, 1:96–CV–6191, 1:96–CV–6192, 1:96–CV–6193, 1:96–CV–6194, 1:96–CV–6207, 1:96–CV–6208, 1:96–CV–6209, 1:96–CV6–210, 1:96–CV–6211, 1:96–CV–6212, 1:96–CV–6213, 1:96–CV–6214, 1:96–CV–6216, 1:96–CV–6217, 1:96–CV–6218, 1:96–CV–6219, 1:96–CV–6220, and 1:96–CV–6221.

3. *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982,* 821 F.2d 1147, 1159 n. 15 (5th Cir.1987) (citations omitted), *vacated on other grounds sub nom. Pan American World Airways,*

*Inc. v. Lopez,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400, *reinstated save as to damages under original nom.,* 883 F.2d 17 (5th Cir.1989).

4. *In re Air Crash,* 821 F.2d at 1159 n. 15.

5. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

6. For purposes of these motions, the court will assume without deciding that the Eastern District of Texas is a technically proper venue under 28 U.S.C. § 1391.

tion of transferring cases out to a more appropriate venue under § 1404(a), only to have those cases transferred back to this court under § 1407 by the Judicial Panel on Multidistrict Litigation. Nevertheless, this court is prepared to do just that in order to discourage future attempts by plaintiffs to bypass the § 1407 remand mechanism and in order to minimize the burden on this transferee court of unnecessary transfer decisions at a later time resulting in the return of cases to the districts where they should have been filed in the first place.

In its Order of November 14, 1996, this court cautioned plaintiffs' counsel about the direct filing of cases with this court under circumstances that could not withstand § 1404(a) scrutiny. Apparently some plaintiffs' counsel have chosen to ignore that order and to pursue a strategy of forum-shopping by directly filing cases which have absolutely no underlying connection to this district other than the fact that the cases have been consolidated here for pretrial management under § 1407. Therefore, the court is left with little choice but to either take some sort of action to enforce its November 14th Order, or risk seeing the direct filing approach grow in popularity among the Norplant plaintiffs' bar should this court not take action to discourage the practice.

■ The court anticipates that plaintiffs in cases where venue is challenged will be required to provide the court with the information necessary to determine appropriate venue under § 1404(a), such as: (1) the federal judicial district in which the plaintiff resides; (2) the federal judicial district in which the plaintiff received Norplant counseling and implantation; and (3) the federal judicial district in which the plaintiff's current medical providers reside. Further, the court may schedule hearings in order to evaluate change of venue under § 1404(a) for the cases listed in Appendix A and any other similar cases. The presence of plaintiffs' counsel, individual plaintiffs, and other witnesses necessary to determine the propriety of a § 1404(a) transfer will be required.

## APPENDIX A

| LEAD PLAINTIFF | CASE NUMBER |
| --- | --- |
| Kathy A. Adams | 1:96–CV–5614 |
| Sharon L. Burnett | 1:96–CV–5615 |
| Janet Fournier | 1:96–CV–5616 |
| Rebecca Johnson | 1:96–CV–5617 |
| Glenda McDowel | 1:96–CV–5618 |
| Wendy S. Rima | 1:96–CV–5619 |
| Louise L. Swan | 1:96–CV–5620 |
| Alaina Yardley | 1:96–CV–5621 |
| Stephanie A. Adams | 1:96–CV–5622 |
| Monica C. Counce | 1:96–CV–5623 |
| Latonya J. Hamilton | 1:96–CV–5624 |
| Maureen L. Latta | 1:96–CV–5625 |
| Linda J. Pearson | 1:96–CV–5626 |
| Sue M. Smith | 1:96–CV–5627 |
| Christal A. Williams | 1:96–CV–5628 |
| Laura J. Althaus | 1:96–CV–5629 |
| Michelle L. Jobelius | 1:96–CV–5630 |
| Laura A. Stockers | 1:96–CV–5631 |
| Hillary S. Lackritz | 1:96–CV–5633 |
| Mary Viola Mulay | 1:96–CV–5634 |
| Jeraldine K. Ah Sing | 1:96–CV–5635 |
| Rhonda M. Bear | 1:96–CV–5636 |
| Jennifer Jo Freund | 1:96–CV–5637 |
| Stephanie J. Doane | 1:96–CV–5638 |
| Meredith M. Case | 1:96–CV–5639 |
| Kristen D. Reed | 1:96–CV–5640 |
| Lori Ann Adams | 1:96–CV–5641 |

| LEAD PLAINTIFF | CASE NUMBER |
| --- | --- |
| Jeana Charlene Herron | 1:96–CV–5642 |
| Kelly L. Day | 1:96–CV–5643 |
| Colby Sue Delana | 1:96–CV–5658 |
| Davina Dawn McCabe | 1:96–CV–5659 |
| Amy Lynnette McKinney | 1:96–CV–5660 |
| Rebecca Jean Nadell | 1:96–CV–5661 |
| Marjorie Marie Dusek | 1:96–CV–5662 |
| Gail Hoapili | 1:96–CV–5663 |
| Alicia Renee Keith | 1:96–CV–5664 |
| Jennifer Ann Holt | 1:96–CV–5665 |
| Dawn Lynn Malott | 1:96–CV–5666 |
| Bonnie Gay White | 1:96–CV–5667 |
| Kathryn L. Robdy | 1:96–CV–5668 |
| Linda MacClay–Shade | 1:96–CV–5669 |
| Linda Diane Kohls | 1:96–CV–5670 |
| Nicole Sharie Colston | 1:96–CV–5671 |
| Mari Ruth Beren | 1:96–CV–5672 |
| Stephanie Lou Haymond | 1:96–CV–5673 |
| Sabrina M. Twite | 1:96–CV–5674 |
| Erica Webre | 1:96–CV–5675 |
| Judy S. Jones | 1:96–CV–5683 |
| Sharla N. Baniaga | 1:96–CV–5684 |
| Patrice Mitchell–Huer | 1:96–CV–5685 |
| Katrina Lee Dorsey | 1:96–CV–5770 |
| Kimberly Ackerson | 1:96–CV–5771 |
| Kristin Dwyer | 1:96–CV–5772 |
| Tamara S. Croft | 1:96–CV–5773 |
| Beth A. Pierce | 1:96–CV–5774 |
| April Dawn Smith | 1:96–CV–5775 |
| Jacqueline Lowe | 1:96–CV–5776 |
| Windy Lane Burman | 1:96–CV–5777 |
| Melissa Leann Devilbiss | 1:96–CV–5778 |
| Hilary Bright Harn | 1:96–CV–5779 |
| Vanessa Leigh Less | 1:96–CV–5780 |
| Erica Denise Norwood | 1:96–CV–5781 |
| Lillian Mary Scholes | 1:96–CV–5782 |
| Ruby Lee Thompson–Dowling | 1:96–CV–5783 |
| Valenchia Canty | 1:96–CV–5856 |
| Vanessa Robinson | 1:96–CV–5857 |
| Hope Dasher | 1:96–CV–5858 |
| Dana Dorey | 1:96–CV–5859 |
| Felicia Butler | 1:96–CV–5860 |
| Angela Osborn | 1:96–CV–5861 |
| Valerie Frazier | 1:96–CV–5862 |
| Melissa Lynn Hall | 1:96–CV–5863 |
| Vicky Amaral | 1:96–CV–5864 |
| Iesha Alston | 1:96–CV–5865 |
| Maria Echevarria | 1:96–CV–5866 |
| Pamela Humphries | 1:96–CV–5998 |
| Katie Cooper | 1:96–CV–5999 |
| Jennifer Spires | 1:96–CV–6000 |
| Brenda Pinson | 1:96–CV–6001 |
| Shanette Odell | 1:96–CV–6002 |
| Nicole Johnson | 1:96–CV–6003 |
| Angel Adams | 1:96–CV–6004 |
| Evelyn Johnson | 1:96–CV–6005 |
| Marcelene Hart | 1:96–CV–6006 |
| Donna Gidney | 1:96–CV–6007 |
| Tamera Gibbs | 1:96–CV–6008 |
| Renee Edwards | 1:96–CV–6009 |

| LEAD PLAINTIFF | CASE NUMBER |
|---|---|
| Kimmie McClendon | 1:96–CV–6010 |
| Kimalyn McIntosh | 1:96–CV–6011 |
| Natalee Lawson | 1:96–CV–6012 |
| Crystal Harrison | 1:96–CV–6013 |
| Minnie Banks | 1:96–CV–6014 |
| Melissa Baier | 1:96–CV–6015 |
| Stacie Lambert | 1:96–CV–6190 |
| Simone Davis | 1:96–CV–6191 |
| Margaret Klein | 1:96–CV–6192 |
| Darlene Otake | 1:96–CV–6193 |
| Magali Guevara | 1:96–CV–6194 |
| Lavonne Herrick | 1:96–CV–6207 |
| Dawn Daggett | 1:96–CV–6208 |
| Molly Lewis | 1:96–CV–6209 |
| Margie Barnes | 1:96–CV–6210 |
| Melanie Burris | 1:96–CV–6211 |
| Heather Straus | 1:96–CV–6212 |
| Sandy Miller | 1:96–CV–6213 |
| Stacy Black | 1:96–CV–6214 |
| Kimberly Graham | 1:96–CV–6215 |
| Ana Lucero | 1:96–CV–6216 |
| Becky O'Neill | 1:96–CV–6217 |
| Ellen McDonald | 1:96–CV–6218 |
| Julie Williams | 1:96–CV–6219 |
| Sherry L. Cymbalisty | 1:96–CV–6220 |
| Angela D. Jensen | 1:96–CV–6221 |